UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY BODIN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF SANTA CLARA,<br><br>        Defendant. | Case No. 5:14-cv-04158-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; REMANDING CASE**<br><br>Re: Dkt. No. 13 |

Since 2009, Plaintiffs Jeffrey Bodin and Garlic City Skydiving, LLC (collectively, "Plaintiffs") have attempted without success to obtain from Defendant County of Santa Clara (the "County") permission to operate a skydiving business. After years of proceedings before the Federal Aviation Administration ("FAA"), Plaintiffs' struggle eventually manifested into this action originally filed in state court. The County removed it to this court pursuant to 28 U.S.C. §1441(b) because Plaintiffs' assert a federal civil rights violation.

Presently before the court is the County's Motion to Dismiss. See Docket Item No. 13. Plaintiffs have filed written opposition to the motion. See Docket Item No. 19. The court has carefully reviewed the pleadings submitted by the parties and finds the County's argument partially meritorious. Accordingly, as will be fully explained below, the Motion to Dismiss will be granted in part, the federal claim will be dismissed with prejudice, and the remaining claims will be remanded.

United States District Court
Northern District of California

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Plaintiffs Seek a Skydiving Permit from the County

This dispute centers around an airport located in San Martin, California (the "San Martin Airport"), which the County owns and operates.  See Compl., Docket Item No. 1, at ¶ 14.  As part of its oversight, the County published Airport Rules and Regulations which set forth the procedure for approval of use of the San Martin Airport for skydiving.  Id. at ¶ 15.  The procedure required that skydiving activities be approved by the Director of Airports, but did not require approval from any other county official.  Id. at ¶¶ 16, 17.

As mentioned, Plaintiffs have been engaged in a long-standing and protracted row with the County over an application to conduct skydiving activities at the San Martin Airport, which they recount in the Complaint.  Plaintiffs allege they first met with the Director of Airports, Carl Honaker, on April 3, 2009, and applied for approval to land customer skydivers on a drop zone/landing area at the San Martin Airport and to select an appropriate site on the airport's grounds from which to run a skydiving business, conduct training, and repack parachutes.  Id. at ¶ 18.  In response, the County informed Plaintiffs that skydiving could not be safely conducted at the San Martin Airport, that such activities were not part of its master plan for the airport and would compete with the established fixed base operator, and that Plaintiffs would require approval from the FAA before the County would consider their proposal.  Id. at ¶¶ 19-21.  The County also refused to consider renting a building to Plaintiffs for office space.  Id. at ¶ 23.

### B.  Plaintiffs' First Complaint to the FAA

After their unsuccessful attempt to obtain approval from the County itself, Plaintiffs filed a complaint with the FAA on May 28, 2009, pursuant to 49 C.F.R. § 13.  Id. at ¶ 24.  The FAA contacted the County for a response to the Complaint, but the County did not respond.  Id. at ¶¶ 25, 26.  Thus, on August 17, 2009, the FAA informed that County that it must allow Plaintiffs access to the San Martin Airport for skydiving activities.  Id. at ¶ 26.

Subsequent to its first decision, the FAA reopened Plaintiffs' Complaint and the County requested the FAA conduct a Safety and Airspace Study to determine whether skydiving could be

2

1    safely conducted at the San Martin Airport.  Id. at ¶ 28.  The FAA determined that such activities

2    could be safely conducted in a report released in February, 2010.  Id. at ¶¶ 29, 30.

3         In June, 2010, the County's Director of Airports told Plaintiffs that their skydiving permit

4    should be approved by the Board of Supervisors rather than by him, and assured Plaintiffs that

5    approval was expected at the meeting on June 8, 2010.  Id. at ¶¶ 31, 32.  In reliance on the

6    Director's representation, Plaintiffs subleased office and hangar space at the San Martin Airport,

7    and advised Air Traffic Control that skydiving jumps would soon commence.  Id. at ¶ 33.

8         However, Plaintiff's permit approval was delayed from the June 8th board meeting to the

9    August, 2010, meeting.  Id. at ¶¶ 34, 35.  Plaintiffs were also notified on June 23, 2010, that

10   County Counsel had become involved in Plaintiff's permit application.  Id. at ¶ 36.

11        Plaintiffs allege that in July, 2010, "the FAA advised the County that the delay in approval

12   of Plaintiffs' skydiving permit amounted to a denial of airport access."  Id. at ¶ 38.  They also

13   allege that on August 13, 2010, the Director of Airports sent a letter to Plaintiffs which stated the

14   County would reject their skydiving application "solely on the basis of safety," but made no

15   reference to the FAA's prior safety findings.  Id. at ¶ 38.  As promised, the Board of Supervisors

16   denied Plaintiff's skydiving permit application at their meeting on August 24, 2010.  Id. at ¶ 40.

17        On August 25, 2010, "the FAA informed the County that by denying approval for

18   skydiving, it was in violation of the grant assurances it signed," and that "its purported safety

19   reasons for the denial were without basis and that the County's delays were a tactic to deny

20   skydiving at the Airport."  Id. at ¶¶ 41, 42.  The FAA gave the County 30 days to comply.  Id. at ¶

21   41.  On September 22, 2010, the County responded to the FAA and rejected the conclusion that it

22   was in violation of the grant assurances.  Id. at ¶ 44.

23        The FAA then conducted a second, more extensive safety study.  Id. at ¶ 45.  It reported to

24   the County on April 4, 2011, its conclusion - again - that skydiving could be safely performed at

25   the San Martin Airport.  Id. at ¶ 46.  The FAA directed the County to send its "implementation

26   plan and schedule for negotiating reasonable operating terms for skydiving to commence within

27

28   Case No.: 5:14-cv-04158-EJD
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
     REMANDING CASE

United States District Court
Northern District of California

United States District Court
Northern District of California

the next 30 days." Id. But on May 2, 2011, "the County sent yet another letter to the FAA refusing to comply with the FAA's directive." Id. at ¶ 47.

### C. Plaintiffs' Second Complaint to the FAA

Plaintiffs filed a formal complaint against the County with the FAA on June 14, 2011. Id. at ¶ 48. On December 19, 2011, the FAA issued an initial determination which found the County in violation of the grant assurances.[1] Id. at ¶ 50; see also Decl. of Jeffrey Bodin ("Bodin Decl."), Docket Item No. 19, at Ex. G.[2] The Associate Administrator of the FAA confirmed that decision on August 12, 2013, after the Court appealed from it. Id. at ¶¶ 53, 54; see also Bodin Decl., at Ex. H.

The County did not appeal further from the Associate Administrator's decision, which became final on or about October 11, 2013. Id. at ¶ 55, 56. However, Plaintiffs allege the County "has yet to take the action required by the FAA Director to negotiate in good faith with Plaintiffs" or issue Plaintiffs a skydiving permit. Id. at ¶¶ 57, 58.

### D. Additional Relevant Facts and Initiation of this Lawsuit

Subsequent to the FAA proceedings, the County Board of Supervisors approved an Airport Commercial Operating Permit (hereinafter, "Permit") on November 26, 2013. See Req. for

---

[1] Specifically, the FAA found the County failed to comply with Grant Assurance 22, which obligates the County to, inter alia, "make the airport available as an airport for public use and on reasonable terms and without unjust discrimination to all types, kinds and classes of aeronautical activities, including commercial aeronautical activities offering services to the public at the airport," and only permits the County to prohibit or limit a use "if such action is necessary for the safe operation of the airport or necessary to serve the civil aviation needs of the public." See Compl., at ¶ 51.

[2] The court takes judicial notice of the FAA decisions dated December 19, 2011, and August 12, 2013, attached to the Bodin Declaration. See Fed. R. Evid. 201(b) (providing the court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); see also United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011) (holding that the court may consider for a motion to dismiss "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document.").

4

Case No.: 5:14-cv-04158-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
REMANDING CASE

Judicial Notice ("RJN"), Docket Item No. 15, at Ex. A.[3]  Section 6.1 of the Permit requires the applicant to obtain "insurance acceptable to County in company or companies acceptable to County" and demonstrate proof of such coverage in three categories: (1) aircraft liability insurance, (2) workers' compensation insurance, and (3) automobile liability insurance.  Id. at Ex. B.  As to the first category, aircraft liability insurance must include:

> coverage for commercial general liability and non-owned aircraft, covering personal injury and property damage for all activities . . . arising out of or in connection with this Permit using an occurrence policy form, with policy limits of not less than $1,000,000 per occurrence.

Id. at § 6.1.1.

Section 6 also requires the applicant to include particular language on any aircraft liability insurance policy with respect to the County's rights.  Id.

On August 21, 2014, the Manager of the FAA's Airport Compliance Division issued a letter in which he reviewed the available information and concluded as follows which respect to the Permit's insurance requirement:

> Based on the information the County has provided, the requirement for $1 million in third-party liability insurance for skydiving operations at the [San Marin] Airport does not appear unreasonable in this case.

Id. at Ex. C.

Plaintiffs commenced this action in Santa Clara Superior Court on August 1, 2014.  They assert the following causes of action against the County: (1) breach of contract, (2) intentional interference with prospective economic advantage, (3) negligent interference with a prospective economic advantage, (4) violation of 42 U.S.C. § 1983, (5) breach of mandatory duty, and (6) injunctive relief.  The County removed the action on September 15, 2014.  This motion followed.

---

[3] The County's RJN is GRANTED in its entirety.  See Fed. R. Evid. 201(b); see also Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of 'matters of public record.'"); see also Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 435 (9th Cir. 1992) (taking judicial notice of agency decisions whose existence is capable of confirmation).

Case No.: 5:14-cv-04158-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
REMANDING CASE

## II.    LEGAL STANDARD

Although the County cites two rules in support of dismissal, this motion can be resolved with reference to just one.[4]  On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true.  Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986).  This rule does not apply to legal conclusions – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  In addition, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

While a complaint does not need detailed factual allegations to survive a 12(b)(6) motion, plaintiffs must provide grounds demonstrating their entitlement to relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level."  Id.  This threshold is reached when the complaint contains sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Iqbal, 556 U.S. at 678.

## III.    DISCUSSION

### A.    Plaintiffs Cannot State a § 1983 Claim under the Fourteenth Amendment

Plaintiff's claim for violation of § 1983 is based on the Due Process Clause of the 14th Amendment.  See Graham v. Connor, 490 U.S. 386, 393-94 (1989) ("[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.").  The County argues the § 1983 claim is deficient because Plaintiffs have failed to

---

[4] While the court would normally discuss the ripeness challenge first because it is jurisdictional in nature, it will instead take up one of the County's Rule 12(b)(6) arguments because its resolution results in a partial disposition on jurisdictional grounds.

Case No.: 5:14-cv-04158-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; REMANDING CASE

United States District Court
Northern District of California

identify a qualifying property interest.  The County is correct.

"The Fourteenth Amendment prohibits states from 'depriv[ing] any person of life, liberty, or property, without due process of law.'"  Newman v. Sathyavaglswaran, 287 F.3d 786, 789 (9th Cir. 2002) (quoting U.S. Const. amend. XIV, § 1).  Thus, "[t]he first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'"  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999); see Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."); see also Johnson v. Rancho Santiago Comm. Coll. Dist., 623 F.3d 1011, 1029 (9th Cir. 2010) ("To succeed on a substantive or procedural due process claim, the plaintiffs must first establish that they were deprived of an interest protected by the Due Process Clause.").

"[P]roperty interests derive not from the Constitution but from 'existing rules or understandings that stem from an independent source such as state law - rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'"  Gallo v. U.S. Dist. Ct., 349 F.3d 1169, 1178 (9th Cir. 2003) (quoting Roth, 408 U.S. at 577).  However, it is federal constitutional law that "determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause."  Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978) (internal quotation marks omitted).

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it."  Roth, 408 U.S at 577.  The person must also "have more than a unilateral expectation of it."  Id.  "He must, instead, have a legitimate claim of entitlement to it."  Id. at 577; accord K.W. v. Armstrong, 789 F.3d 962, 972 (9th Cir. 2015).  "This typically requires an individual to demonstrate that an existing law, rule, or understanding makes the conferral of a benefit 'mandatory.'"  United States v. Guillen-Cervantes, 748 F.3d 870, 872 (9th Cir. 2014).

Here, Plaintiffs' Complaint is not particularly helpful in determining the nature of the property interest they are asserting.  Indeed, the § 1983 claim is essentially a listing of elements

United States District Court
Northern District of California

1    without factual expansion.  With regard to the property right at issue, Plaintiffs allege only that

2    they "have a right, granted by the Fourteenth Amendment to the United States Constitution" which

3    the County apparently deprived them of without due process of law.  See Compl., at ¶¶ 83, 84

4         Their opposition to this motion is a bit more revealing, however.  Plaintiffs first suggest

5    through legal argument that their due process claim arises from the denial of a permit.  See Opp'n,

6    Docket Item No. 19, at p. 8:11-16.  As their own citation makes clear, the "focus" of the analysis

7    under those circumstances is "whether the applicant has a clear entitlement to the approval sought

8    from the government official or administrative body."  E. Hampton Airport Prop. Owners Ass'n v.

9    Town Bd. of E. Hampton, 72 F. Supp. 2d 139, 144-45 (E.D.N.Y 1999) (quoting Walz v. Town of

10   Smithtown, 46 F.3d 162, 168 (2d Cir. 1995)).  The Ninth Circuit has held something similar when

11   it comes to a permit; entitlement sufficient to support at § 1983 due process claim may exist

12   "when a state law or regulation requires that the permit be issued once certain requirements are

13   satisfied."  Gerhart v. Lake Cnty. Mont., 637 F.3d 1013, 1019 (9th Cir. 2011).

14        Plaintiffs have not identified anything which mandates the issuance of a Permit, whether

15   they meet certain prerequisites or not.  In fact, the actual language of the Permit affords to the

16   County discretion to deny or cancel a Permit if an applicant fails to produce evidence of or

17   maintain the appropriate types of insurance at requisite levels.  See RJN, at Ex. B, § 6.5.3

18   ("Notwithstanding anything stated to the contrary herein, Operator fails or refuses to procure or

19   maintain insurance required by this Permit, or fails or refuses to furnish County with required

20   proof that the insurance has been procured and is in force and paid for, County shall have the right,

21   at the Director of Roads and Airports election and without notice, to immediately terminate the

22   Permit pursuant to this paragraph . . . .").  Accordingly, Plaintiffs have not demonstrated a "clear

23   entitlement" to a Permit, particularly because - at least for this motion - they have not shown or

24   even alleged that they satisfied the County's insurance requirements, which is a necessary

25   precursor to the maintenance of a permit.  In that way, Plaintiffs' claim is distinguishable from

26   those cases finding a qualifying entitlement when the governing statute precludes agency

27

28

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1    discretion and requires the issuance of a permit if certain conditions are satisfied.  See, e.g., Groten

2    v. California, 251 F.3d 844, 850 (9th Cir. 2001).

3           Nor can a protectable property interest be found based on the alternative articulation

4    presented in the opposition.  According to Plaintiffs, a property interest arises "from multiple

5    occasions in which the FAA has ordered the County, pursuant to its role as arbiter of safety

6    considerations at airports and enforcer of the provisions of grant assurances, to allow Plaintiffs

7    access to the airport for their skydiving operations."  See Opp'n, at p. 8:20-9:1.  But this

8    description overstates the FAA's decisions.  The FAA did not order the County to grant Plaintiffs

9    access to the San Martin Airport for skydiving activities, despite Plaintiff's allegation in the

10   Complaint and present argument suggesting as much.[5]  Instead, the FAA found the County in

11   violation of its federal grant obligations and directed it to undertake certain corrective actions in

12   order to continue receiving discretionary grant funds, including "negotiat[ing] in good faith with

13   those entities desiring to provide parachute-related commercial aeronautical services."  See Bodin

14   Decl., at Ex. G.  That describes something different than a mandatory conferral of a benefit.  At

15   the most, the FAA's decision may impose on the County an obligation to engage in a process that

16   could ultimately result in granting Plaintiffs access to the San Martin Airport.[6]  At the least, it

17   gives the County the option of precluding all skydiving activities and foregoing further

18   discretionary grants.

19          In sum, a property interest that is protectable by the Fourteenth Amendment is not

20   adequately described in either the Complaint or in Plaintiffs' briefing.  Furthermore, while not

21

22   _____

23   [5] The document Plaintiffs apparently rely on for this contention - the FAA's response to their
     informal complaint, dated August 11, 2009 - states only that the FAA "can find no reason for the
24   County to refuse access to Mr. Bodin to conduct skydiving activities" at the San Martin Airport.
     See Bodin Decl., at Ex. A.

25   [6] Plaintiffs clarify they do not claim a protectable interest arising from the statute permitting the
     imposition of grant assurances, 49 U.S.C. § 47107.  They also have not directly challenged the
26   Permit's aircraft liability insurance requirement, perhaps because the FAA has informally found
     that requirement to be a reasonable one.

27
                                                    9
28   Case No.: 5:14-cv-04158-EJD
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
     REMANDING CASE

unsympathetic to Plaintiffs' dilemma and its long history, the court concludes based on these factual circumstances that Plaintiffs could not successfully identify anything more than a "unilateral expectation" of access to the San Martin Airport for skydiving activities even if given leave to provide additional facts. That will not suffice for the type of § 1983 claim they assert. As such, that claim will be dismissed without leave to amend. See Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

**B.     The Court Will not Retain the Remaining State Law Claims**

The dismissal of Plaintiffs' sole claim arising under federal law raises the issue of continuing jurisdiction since there is no longer a federal question apparent from the face of the Complaint.

The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Id. However, a district court may properly decline to exercise supplemental jurisdiction over state-law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Having determined that Plaintiffs' § 1983 claim should be dismissed without leave to amend, all that remains are claims based in state law.[7] The court therefore finds that state-law issues substantially predominate at this point and declines to exercise supplemental jurisdiction over the remaining claims. They will be remanded to state court for further proceedings.

---

[7] Although Plaintiffs' breach of contract claim mentions federal law, such reference does not transform it into a federal claim because it does not "turn on substantial questions of federal law" nor "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005).

10

United States District Court
Northern District of California

## IV.   ORDER

Based on the foregoing, the County's Motion to Dismiss (Docket Item No. 13) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED as to the claim under 42 U.S.C. § 1983, which is DISMISSED WITHOUT LEAVE TO AMEND.  The motion is DENIED in all other aspects.

The Clerk shall remand the remainder of this action to Santa Clara County Superior Court and close the file.


**IT IS SO ORDERED.**

Dated: September 15, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-04158-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
REMANDING CASE

United States District Court
Northern District of California